## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIP IV WATER HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>BLAINE M. DYER and CASH HOLDINGS, LLC,<br><br>                Defendants.<br>_____<br><br>BLAINE M. DYER and CASH HOLDINGS, LLC,<br><br>                Third-Party Plaintiffs,<br><br>        v.<br><br>LAGOON WATER SOLUTIONS HOLDINGS, LLC and GAGE HERRMANN,<br><br>                Third-Party Defendants.<br>_____ | No. 19-cv-5424-JPO<br><br>**ANSWER AND THIRD-PARTY COMPLAINT OF DEFENDANTS BLAINE M. DYER AND CASH HOLDINGS, LLC** |

Defendants Blaine M. Dyer ("Dyer") and Cash Holdings, LLC ("Cash Holdings") (collectively, "Defendants") hereby respond to the Complaint of Plaintiff MIP IV Water Holdings, LLC ("Plaintiff" or "MIP IV"), which was initially filed in New York State Supreme Court, Index No. 652941/2019, on May 16, 2019, and then removed to this Court on June 10, 2019. Dkt. No. 1. In the alternative and assuming *arguendo* that Plaintiff prevails on its claims against Defendants, Defendants also hereby submit their third-party complaint against Lagoon Water Solutions Holdings, LLC ("Lagoon Holdings") and Gage Herrmann ("Herrmann").

Defendants deny each and every matter, allegation, and thing contained in the Complaint except to the extent affirmatively admitted or alleged herein. Moreover, to the extent that any of the headings used by Plaintiff in the Complaint constitute allegations of fact to which a response is required, Defendants deny the allegations contained in those headings.

## ANSWER TO THE COMPLAINT OF MIP IV

1.      Defendants deny the allegations of Paragraph No. 1.

2.      Defendants deny the allegations of Paragraph No. 2.

3.      Defendants deny the allegations of Paragraph No. 3.

4.      Defendants deny the allegations of Paragraph No. 4.

5.      Defendants admit the allegations of Paragraph No. 5.

6.      Defendants admit Dyer is a licensed attorney who resides in Oklahoma and that he was a key founder of the Lagoon enterprise. In response to the allegations concerning the Unit Purchase Agreement ("UPA"), Defendants respectfully refer the Court to that agreement.  *See* Compl. Ex. A, Dkt. No. 1-3.  Defendants otherwise deny the allegations of Paragraph No. 6.

7.      Defendants admit that Cash Holdings is an Oklahoma limited liability company with its principal place of business in Oklahoma. In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. (*See* Pl.'s Compl. Ex. A.) Defendants otherwise deny the allegations of Paragraph No. 7.

8.      Paragraph 8 states a legal conclusion to which no response is required.  For the purposes of this action only, Defendants do not contest personal jurisdiction in this Court.   In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 8.

9.      Paragraph 9 states a legal conclusion to which no response is required.  For the purposes of this action only, Defendants do no contest venue in this Court.  In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 9.

10.     Defendants admit that Paragraph No. 10 provides a general description of the background and extent of Lagoon  Holdings and its subsidiary Lagoon Water Logistics, LLC (collectively "Lagoon.  Defendants otherwise deny the allegations of Paragraph No. 10.

11.     Defendants admit that Paragraph No. 11 provides a general description of the process for negotiation between Defendants and Macquarie representatives; Defendants otherwise deny the allegations of Paragraph No. 11.

12.     Defendants admit that Lagoon disclosed information about its material business dealings, obligations, assets, and liabilities.  Defendants otherwise deny the allegations of Paragraph No. 12.

13.     Defendants admit that Lagoon made representations.  Defendants otherwise deny the allegations of Paragraph No. 13.

14.     Defendants admit that Lagoon made representations in Article 4 and related schedules of the final UPA.  Defendants otherwise deny the allegations of Paragraph No. 14.

15.     Defendants admit that the UPA was executed on September 7, 2018.  In response to the allegations concerning the terms of the UPA and the Limited Liability Company Agreement ("LLCA"), (*see* Pl.'s Compl. Ex. B, Dkt. No. 1-4), Defendants respectfully refer the Court to those agreements. Defendants otherwise deny the allegations of Paragraph No. 15.

16.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 16.

17.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 17.

18.     In response to the allegations concerning the UPA and LLCA, Defendants respectfully refer the Court to those agreements. Defendants otherwise deny the allegations of Paragraph No. 18.

19.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 19.

20.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 20.

21.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 21.

22.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 22.

23.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 23.

24.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 24.

25.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 25.

26.     In response to the allegations concerning the UPA and LLCA, Defendants respectfully refer the Court to those agreements. Defendants otherwise deny the allegations of Paragraph No. 26.

27.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 27.

28.     Defendants lack knowledge or sufficient information to admit or deny all the allegations contained in Paragraph No. 28 and therefore those allegations are denied.

29.     Defendants lack knowledge or sufficient information to admit or deny all the allegations contained in Paragraph No. 29 and therefore those allegations are denied.

30.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 30.

31.     Defendants deny the allegations of Paragraph No. 31.

32.     Defendants are without knowledge or sufficient information to admit or deny all the allegations contained in Paragraph No. 32 and therefore those allegations are denied.

33.     Defendants deny the allegations of Paragraph No. 33.

34.     Defendants deny the allegations of Paragraph No. 34.

35.     Defendants deny the allegations of Paragraph No. 35.

36.     Defendants deny the allegations of Paragraph No. 36.

37.     Defendants deny the allegations of Paragraph No. 37.

38.     Defendants deny the allegations of Paragraph No. 38.

39.     Defendants deny the allegations of Paragraph No. 39.

40.     Defendants deny the allegations of Paragraph No. 40.

41.     Defendants lack knowledge or sufficient information to admit or deny all the allegations contained in Paragraph No. 41 and therefore those allegations are denied.

42.     Defendants deny the allegations of Paragraph No. 42.

43.     Defendants deny the allegations of Paragraph No. 43.

44.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 44.

45.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 45.

46.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 46.

47.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 47.

48.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 48.

49.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 49.

50.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 50.

51.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 51.

52.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 52.

53.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 53.

54.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 54.

55.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants admit that Plaintiff sent notices of its alleged claims to Defendants.  Defendants otherwise deny the allegations of Paragraph No. 55.

56.     Defendants deny the allegations of Paragraph No. 56.

57.     Defendants adopt and incorporate by reference their answers contained in the preceding paragraphs and further answer as follows.

58.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Paragraph No. 58 states a legal conclusion and requires no response. Defendants otherwise deny the allegations of Paragraph No. 58.

59.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Paragraph No. 59 states a legal conclusion and requires no response. Defendants otherwise deny the allegations of Paragraph No. 59.

60.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement. Defendants otherwise deny the allegations of Paragraph No. 60.

61.     Defendants deny the allegations of Paragraph No. 61.

62.     Defendants deny the allegations of Paragraph No. 62.

63.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 63.

64.     Defendants adopt and incorporate by reference their answers contained in the preceding paragraphs and further answer as follows.

65.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Paragraph No. 65 states a legal conclusion and requires no response. Defendants otherwise deny the allegations of Paragraph No. 65.

66.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.   Paragraph No. 66 states a legal conclusion and requires no response. Defendants otherwise deny the allegations of Paragraph No. 66.

67.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 67.

68.     Defendants deny the allegations of Paragraph No. 68.

69.     Defendants deny the allegations of Paragraph No. 69.

70.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 70.

71.     Defendants adopt and incorporate by reference their answers contained in the preceding paragraphs and further answer as follows.

72.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.   Paragraph No. 72 states a legal conclusion and requires no response.  Defendants otherwise deny the allegations of Paragraph No. 72.

73.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.   Paragraph No. 73 states a legal conclusion and requires no response.  Defendants otherwise deny the allegations of Paragraph No. 73.

74.     Defendants deny the allegations of Paragraph No. 74.

75.     In response to the allegations concerning the UPA, Defendants respectfully refer the Court to that agreement.  Defendants otherwise deny the allegations of Paragraph No. 75.

76.     Plaintiff's Prayer for Relief does not require a response from Defendants, but they deny that Plaintiff is entitled to any relief whatsoever from them.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would otherwise not bear, Defendants assert the following affirmative defenses to Plaintiff's claims:

1.      Failure to state claims upon which relief can be granted.

2.      Lack of standing.

3.      Plaintiff's claims and alleged damages are the responsibility, in whole or in part, of third parties not named by Plaintiff, including by way of contribution, insurance, advancement and indemnity.

4.      Plaintiff's claims are barred because the express terms of the UPA do not provide the relief sought herein.

5.      Plaintiff is estopped from seeking any recovery from Defendants.

6.      Plaintiff's claims are barred under the voluntary payment doctrine.

7.      Plaintiff's claims are barred because there has been an accord and satisfaction regarding the alleged contract terms.

## RESERVATION OF RIGHTS

Defendants intend to rely on any additional affirmative defenses that become available or apparent through additional discovery or investigation, and thus reserve the right to amend their Answer to the Complaint to assert such additional defenses.

## THIRD-PARTY COMPLAINT AGAINST
## LAGOON HOLDINGS AND HERRMANN

In the alternative, and assuming *arguendo* that Plaintiff is, as alleged, entitled to the relief it seeks herein, Dyer and Cash Holdings ("Third-Party Plaintiffs") plead the following third-party complaint against Lagoon Holdings and Herrmann ("Third-Party Defendants"):

## INTRODUCTION

1.      Although never mentioned in Plaintiff's Complaint, this lawsuit was a retaliatory act against Dyer because of a lawsuit he first filed against Lagoon[1] in Oklahoma on February 19, 2019.

2.      Dyer was the key founding member of Lagoon, a business he started from scratch on his own personal funds.

3.      After building the company into a rapidly growing and successful business, he began to receive investment inquiries from potential capital providers, including MIP IV.

4.      Despite a host of other suitors, Dyer ultimately selected MIP IV as the capital provider to Lagoon and the investment transaction was consummated in the UPA in late 2018. *See* Pl.'s Compl. Ex. A.

5.      In early 2019, however, Lagoon and MIP IV informed Dyer that they intended to terminate his employment with Lagoon, just a few months after execution of the UPA. This plan appears to have been in place from the beginning.

6.      While working through the termination, Dyer disagreed with MIP IV and Lagoon over whether Dyer would retain his Class B Units in Lagoon following termination, despite the clear contractual terms entitling him to such equity as the key founding member of Lagoon.

7.      As a result, on February 19, 2019, Dyer filed a lawsuit in the District Court of Oklahoma County, Oklahoma, seeking a declaratory judgment that his Class B Units would not be cancelled or forfeited upon termination (the "Oklahoma Action").

---

[1] The Lagoon "Company Group" is a series of entities engaged in the water hauling and disposal business for oil and gas operations. For brevity, Third-Party Plaintiffs, at times, generally refer to this enterprise as "Lagoon."

8.      Three weeks later on March 11, 2019, MIP IV sent Dyer and Cash Holdings a claim letter concerning Lagoon Holdings's representations and warranties from the UPA, the same claims raised in this lawsuit (the "Notice Letter").

9.      The Notice Letter was purportedly drafted to notify Dyer and Cash Holdings that MIP IV intended to seek recovery under insurance put in place to cover any breaches of representations and warranties of Lagoon Holdings in the UPA; however, MIP IV asserted that it could seek recovery from Defendants without seeking to first access the insurance put in place by the parties to the UPA to cover such claims.

10.     As the Oklahoma Action began to trend poorly for Lagoon, Plaintiff followed through on its threat and sent a second demand letter on May 9, 2019, making perfectly clear that it intended to sue Defendants despite having an insurance policy to cover the alleged representation and warranty claims at issue in this case.

11.     Further, Plaintiff threatened to pursue only Defendants for the claims, despite the fact that there are a total of eight potential indemnification and guaranty parties in the UPA. *See* Pl.'s Compl., Ex. A (Exs. D and E thereto) (identifying Cash Holdings, LLC, Gage Herrmann, Knighthawk Investments LLC, Reece Holdings, LLC, Brandon Cato, Blaine Dyer, Andrew Schroeder, and James Dyer).

12.     So it is no coincidence that Plaintiff singled out only Dyer and his wholly owned company Cash Holdings. Plaintiff, who has the same counsel across all litigation, has singled out Defendants as retaliation for Dyer's Oklahoma Action, an action in which Lagoon continues to fare poorly.

13.     As even more evidence of the retaliatory nature of this action, Defendants are entitled to advancement and indemnification from Lagoon Holdings (an entity controlled by

11

Plaintiff) as agreed to in the Amended and Restated Limited Liability Company Agreement of Lagoon Water Solutions Holdings, LLC. Through the same counsel as Plaintiff here, Lagoon Holdings recently denied Defendants their right to advancement and indemnification for Plaintiff's claims. (*See* Pl.'s Compl. Ex. B (the "LLCA").)

14.     In sum, this action was filed: (1) despite insurance coverage (upon information and belief, the insurance claim is still pending); (2) solely against Defendants despite other similarly situated parties; and (3) with the apparent purpose to bleed Defendants dry through attorney fees and costs despite the clear obligation of Lagoon Holdings to advance and indemnify Defendants for these claims.

## PARTIES

15.     Defendant/Third-Party Plaintiff Blaine M. Dyer is a natural person domiciled and residing in the state of Oklahoma. Dyer founded Lagoon and previously served as its President and Chief Executive Officer.

16.     Defendant/Third-Party Plaintiff Cash Holdings, LLC is a limited liability company organized under the laws of Oklahoma that maintains its principal place of business at 16224 Muirfield Place, Edmond, Oklahoma 73013. Dyer is the sole member of Cash Holdings, which owns a significant share of the equity in Lagoon Holdings.

17.     Third-Party Defendant Gage Herrmann is a natural person domiciled and residing in the state of Oklahoma. Herrmann was also a founding member of Lagoon and remains employed by Lagoon.

18.     Third-Party Defendant Lagoon Water Solutions Holdings, LLC is a Delaware limited liability company. Lagoon Holdings is a holding company that owns Lagoon Water

Logistics, LLC, a water logistics company that develops and operates midstream water infrastructure in Oklahoma.

## JURISDICTION AND VENUE

19.      This Court has jurisdiction over these third-party claims pursuant to 28 U.S.C. § 1367 because the claims asserted herein are within the Court's supplemental jurisdiction and Third-Party Defendants are or may be liable to Third-Party Plaintiffs for all or part of the claim asserted by Plaintiff against them. Further, the third-party claims asserted herein arise from the same transaction and occurrence and concern the ultimate liability for the very transaction that is the basis for the underlying alleged claims concerning the UPA and LLCA.

20.      This Court has personal jurisdiction over Third-Party Defendants because this action arises out of and relates to contracts in which Third-Party Defendants agreed that "[a]ny dispute relating to this agreement shall be heard in the United States District Court for the Southern District of New York . . . and the parties agree to jurisdiction and venue therein.". (Pl.'s Compl. Ex. A, UPA § 8.3; *see also* Pl.'s Compl. Ex. B, LLCA § 13.16.)

21.      Venue is proper in this Court due to the forum-selection clauses to which Third-Party Defendants agreed.  (Pl.'s Compl. Ex. A, UPA § 8.3; *see also* Pl.'s Compl. Ex. B, LLCA § 13.16..)

## STATEMENT OF FACTS

22.      Pertinent here, the UPA was executed effective September 7, 2018, by, among others, MIP IV, Lagoon Holdings, Cash Holdings, Dyer, and Herrmann. The parties also separately consummated the LLCA as part of closing of the UPA.

23.      Lagoon Holdings—not Dyer or Cash Holdings—made certain representations and warranties in the UPA, which Plaintiff has challenged in this lawsuit.

24.     The UPA contains certain provisions which may implicate indemnification and guaranty commitments related to Cash Holdings and Dyer (which are disputed in this action), however, they were not the only parties subject to those provisions. (*See* Pl.'s Compl., Ex. A, UPA Article 7, § 8.13.)

25.     Herrmann also agreed to the same potential commitments.  (*Id.*)

26.     As a result, if Cash Holdings and Dyer are found to have liability for indemnification and guaranty of Plaintiff's claims, Herrmann would also owe his proportionate share of liability, which ratios are detailed in Exhibit D to the UPA.

27.     Because this lawsuit is nothing more than retaliation against Dyer for the Oklahoma Action, which is not going well for Lagoon, Plaintiff only named Dyer (and his wholly owned Cash Holdings) to single him out, likely because Herrmann is still a member of the management team of Lagoon. *See Gage Hermann*, Lagoon Water Solutions, https://www.lagoonws.com/gagehermannbio.html (last visited June 12, 2019).

28.     Under the LLCA, Lagoon Holdings agreed to advancement and indemnification in favor of Dyer and Cash Holdings for the representations and warranties made by Lagoon Holdings in the UPA.

29.     The LLCA obligates Lagoon Holdings to provide Dyer and Cash Holdings broad indemnification and advancement rights for Plaintiff's claims in this lawsuit. *See* Plaintiff's (*See* Pl.'s Compl. Ex. B, LLCA Article 7.)

30.     These rights extend not only to Dyer and Cash Holdings, but their respective "Affiliates." (*See* Pl.'s Compl. Ex. B, LLCA § 1.1 ("**Affiliate**" (including its derivatives and similar terms) means, when used with respect to any Person, any other Person that, directly or

14

indirectly, through one or more intermediaries, Controls, is Controlled by, or us under common Control with, such Person in question[.]") (emphasis in original).)

31.     Unsurprisingly, Dyer and Cash Holdings's right to advancement ripens prior to determination as to indemnification:

> Any right to indemnification conferred in this <u>Article VII</u> shall include a limited **right to be paid or reimbursed by the Company** for any and all reasonable expenses **as they are incurred** by a Person entitled or authorized to be indemnified under <u>Sections 7.1</u> and <u>7.2</u> who was, is or is threatened, to be made a **named defendant** or respondent in a Proceeding **in advance of the final disposition** of the Proceeding and **without any determination as to such Person's ultimate entitlement to indemnification**[.]

(Pl.'s Compl. Ex. B, LLCA § 7.3 (emphasis added).)

32.     In order to receive advancement, Lagoon Holdings agreed that Dyer and Cash Holdings need only deliver to Lagoon Holdings: (1) "a written affirmation" of their "good faith belief" that they meet "the requirements necessary for indemnification;" and (2) "a written undertaking" by Dyer and Cash Holdings "to promptly repay all amounts so advanced if it shall ultimately be determined" that they are not entitled to indemnification under Section 7.3 of the LLCA. (*Id.*)

33.     Dyer and Cash Holdings complied with the process agreed to by Lagoon Holdings. On May 14, 2019, Dyer and Cash Holdings provided both a written affirmation of their good faith belief as to indemnification as well as a written undertaking to repay if it should ultimately be determined that they are not entitled to indemnification.

34.     Lagoon Holdings, however, rejected Dyer and Cash Holdings claims for advancement and indemnity on May 23, 2019, breaching the express terms of the LLCA.

35.     This breach is causing immediate harm to Dyer and Cash Holdings as it deprives them of the right to advancement that is critical in that Lagoon Holdings agreed to pay attorney fees and expenses "as they are incurred" in this dispute. (Pl.'s Compl. Ex. B, LLCA § 7.3.)

## FIRST CLAIM FOR RELIEF

### (Contribution against Herrmann)

36.     Third-Party Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, incorporating them by reference as if each paragraph were set forth here in full.

37.     Third-Party Plaintiffs and Herrmann are parties to the UPA.

38.     Third-Party Plaintiffs and Herrmann are subject to the same provisions in the UPA concerning potential indemnification and guaranty commitments (which are disputed in this action by Defendants/Third-Party Plaintiffs) concerning MIP IV's representation and warranty claims.

39.     To the extent Third-Party Plaintiffs are liable in this action, however, Herrmann would also owe his proportionate share of liability, which ratios are detailed in Exhibit D to the UPA.

40.     As a result, Third-Party Plaintiffs assert a claim for contribution against Herrmann in order to allocate the potential (disputed) liability in this action.

41.     Third-Party Plaintiffs will be harmed but for the addition of Herrmann as a Third-Party Defendant in this action.

## SECOND CLAIM FOR RELIEF

### (Indemnification against Lagoon Holdings)

42.     Third-Party Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, incorporating them by reference as if each paragraph were set forth here in full.

16

43.     The LLCA obligates Lagoon Holdings to indemnify Third-Party Plaintiffs for the claims made by MIP IV in this action.

44.     The LLCA provides this protection for Third-Party Plaintiffs unless their conduct constituted gross negligence or willful misconduct, which did not occur here.

45.     As a result, to the extent Third-Party Plaintiffs are liable in this action, Lagoon Holdings has agreed to indemnify Third-Party Plaintiffs for Plaintiff's claims in this lawsuit.

46.     Third-Party Plaintiffs will be harmed but for the addition of Lagoon Holdings as a Third-Party Defendant in this action in order to perform its indemnification obligations in the LLCA.

## THIRD CLAIM FOR RELIEF

### (Breach of the LLCA as to Advancement against Lagoon Holdings)

47.     Third-Party Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, incorporating them by reference as if each paragraph were set forth here in full.

48.     The LLCA obligates Lagoon Holdings to advance attorney fees and expenses in favor of Third-Party Plaintiffs for the claims made by MIP IV in this action.

49.     The LLCA requires Lagoon Holdings to advance attorney fees and expenses "as they are incurred" in this dispute.

50.     Third-Party Plaintiffs performed all conditions precedent for advancement, including written affirmation of their good faith belief as to indemnification and a written undertaking to repay.

51.     Lagoon Holdings denied Third-Party Plaintiffs' advancement demand, thus breaching the LLCA.

52.     Third-Party Plaintiffs have been harmed by Lagoon Holdings breach because they have been deprived of the purpose of advancement, as they have been forced to investigate and litigate this matter without the advancement to which they are entitled.

## PRAYER FOR RELIEF

Wherefore, Defendants/Third-Party Plaintiffs Dyer and Cash Holdings pray that this Court enter judgement:

1.     Denying Plaintiff any relief in this action of any kind;

2.     Declaring that Plaintiff has no right to damages for its claims;

3.     Awarding Defendants their costs, disbursements and attorney fees, including advancement from Lagoon Holdings; and

4.     Awarding Defendants such other relief as the Court may deem just and proper.

5.     In the alternative, and assuming *arguendo* that Plaintiff prevails in whole or in part on its representation and warranty claims against Dyer and/or Cash Holdings, Third-Party Plaintiffs Dyer and Cash Holdings pray that this Court enter judgment:

6.     Awarding Third-Party Plaintiffs contribution in the amount owed by Herrmann;

7.     Awarding Third-Party Plaintiffs indemnification from Lagoon Holdings;

8.     Awarding Third-Party Plaintiffs their costs, disbursements and attorney fees; and

9.     Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        June 17, 2019

**PATTERSON BELKNAP WEBB & TYLER LLP**

By: _/s/ James V. Masella, III_____
   James V. Masella, III
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
jmasella @pbwt.com

**THE LANIER LAW FIRM**
Reagan E. Bradford*
Margaret E. Robertson*
Ryan K. Wilson*
431 W. Main Street, Suite D
Oklahoma City, Oklahoma 73102
(405) 698-2770
Reagan.Bradford@LanierLawFirm.com
Maggie.Robertson@LanierLawFirm.com
Ryan.Wilson@LanierLawFirm.com
     *pro hac vice pending*

*Attorneys for Defendants Blaine M. Dyer and Cash Holdings, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 17, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District for the Southern District of New York by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

<u>        /s/ James V. Masella, III_____</u>
James V. Masella, III
Patterson Belknap Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
jmasella @pbwt.com